UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RHONDA HAYES and LEONARD HAYES | * | CIVIL ACTION NO.: 2:23-CV-06816 |
| | * | |
| | * | SECTION: T(4) |
| VERSUS | * | |
| | * | JUDGE: GREG G. GUIDRY |
| GEICO CASUALTY COMPANY and, HELEN SNURE | * | |
| | * | MAGISTRATE: KAREN WELLS ROBY |
| | * | |

**ORDER AND REASONS**

The Court has before it Plaintiffs Rhonda and Leonard Hayes's Motion to Remand this matter back to the state court in which it was originally filed. R. Doc. 9. Defendant Helen Snure has filed an opposition, R. Doc. 14, and Plaintiffs have submitted a reply memorandum, R. Doc. 17. Having considered the parties' briefing, as well as the applicable law and facts, the Court will DENY Plaintiffs' Motion.

**I.  DISCUSSION AND ANALYSIS**

This case arises from an automobile accident that occurred on August 10, 2022. R. Doc. 2-2 at 2. Plaintiffs allege Snure rear-ended a car driven by Rhonda Hayes, causing her to sustain injuries. *Id.* On July 25, 2023, Plaintiffs filed suit in Louisiana state court against Snure and her insurer, Geico Casualty Insurance Company, asserting the accident was caused by Snure's negligence, and seeking damages for, *inter alia*, past and future physical and mental pain and suffering, medical expenses, loss of wages and earning capacity, and loss of consortium. *Id.* at 2–

4. In their complaint, Plaintiffs, who are Louisiana citizens, identified Snure as a Louisiana citizen. *Id.* at 2. On November 12, 2023, Snure removed the action to this Court, asserting she is a resident of Texas, and thus federal subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1441 and 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity between the parties. R. Doc. 2.

Plaintiffs now move the Court to remand this matter back to state court, arguing removal was improper because Snure's notice of removal stated she is a "resident" rather than a "citizen" of Texas. R. Doc. 9 at 8–9. After Plaintiffs filed their Motion, Snure immediately filed a Diversity Jurisdiction Disclosure Statement averring she is a citizen of Texas. R. Doc. 10. As attachments to her opposition to the Motion, Snure has also submitted substantial evidence of her Texas citizenship, including an apartment lease agreement in Texas, a Texas driver's license, and her registration to vote in Texas. R. Doc. 14-1.

Plaintiffs are correct that an averment of residence is insufficient to show citizenship for removal purposes. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925). However, courts may allow the amendment of defective jurisdictional allegations under certain circumstances. *See* 28 U.S.C. § 1653. A court cannot allow amendment that would retroactively create federal jurisdiction that did not exist at time of removal, but should "freely give" leave to amend a jurisdictional statement that suffers from mere "technical defects[.]" *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887–89 (5th Cir. 2000) (pointing to Fed. R. Civ. P. 15(a)). Thus, if Snure was in fact a citizen of Texas when Plaintiffs filed their complaint, Snure's failure to allege specifically that she is a citizen, rather than just a resident, of Texas is a mere technical defect in the notice of removal, and the Court, rather than remanding this action, should grant Snure leave to amend. The

Court must therefore consider whether Snure has adequately shown that she was a citizen of Texas as of July 25, 2023.

"A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely[.]" *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). Here, Snure has submitted a declaration that she has lived at a Texas address since June 2, 2023, and provided a lease agreement for that address beginning on that date. R. Doc. 14-1 at 1. Snure's declaration also states that her intention is to remain in Texas for the foreseeable future. *Id.* Plaintiffs complain that Snure's other citizenship evidence, such as her Texas driver's license and voter registration, were issued after July 25, 2023, and thus cannot demonstrate that Snure was a citizen of Texas before the instant case was filed. R. Doc. 17 at 2–4. However, in conjunction with Snure's lease agreement and declaration, these documents provide strong evidence of Snure's intention to remain in Texas. The Court thus holds Snure's proffered evidence adequately demonstrates that Snure was physically present and intended to remain indefinitely in Texas prior to July 25, 2023.

Having so determined, it is clear that Snure's assertion of Texas residency, versus Texas citizenship, is a technical jurisdictional defect which the Court can, and should, allow Snure the opportunity to correct. Thus, Plaintiffs' Motion to Remand must be denied.

## II.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand, R. Doc. 9, is DENIED.

**IT IS FURTHER ORDERED** that Snure is **DIRECTED** to file an amended notice of removal to correct the identified defective jurisdictional allegation no later than January 22, 2024.

New Orleans, Louisiana, this 12th day of January, 2024.

_____
Greg Gerard Guidry
United States District Judge