UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RHONDA HAYES and                *
LEONARD HAYES                   *       CIVIL ACTION NO.: 2:23-CV-06816
                                *
VERSUS                          *       DIV.: T (Hon. G. Guidry)
                                *
GEICO CASUALTY INSURANCE        *       SECTION: 4 (Hon. E. Dossier)
COMPANY AND HELEN SNURE         *

## ORDER AND REASONS

The Court has before it Plaintiffs Rhonda and Leonard Hayes's Motion for Partial Summary Judgment. R. Doc. 37. Plaintiffs assert no genuine issue of material fact remains preventing the Court from making a pretrial determination that Defendants GEICO Casualty Insurance Company ("Geico") and Helen Snure (collectively "Defendants") are liable for any damages they may prove in the above-captioned action. *See* R. Doc. 37-1. Defendants have responded in opposition, R. Docs. 38, 39, and Plaintiffs have filed a reply memorandum, R. Doc. 40. Having considered the parties' briefing, as well as the applicable law and facts, the Court will DENY Plaintiffs' Motion.

## I.    APPLICABLE LAW

Summary judgment of a claim is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A court

must hold "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)). When assessing whether a genuine dispute as to any material fact exists, courts "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Accordingly, at the summary judgment stage, courts must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *See, e.g.*, *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 603 (2015); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Of course, "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation and citation omitted). Although the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, if it can carry that burden, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323–24. This burden is not satisfied by "metaphysical doubt as to the material facts" or only a "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir.1994)). Ultimately, "if a rational trier of fact,

based upon the record as a whole, could not find for the non-moving party, there is no genuine issue for trial." *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Production Co. v. Horwell Energy, Inc.,* 969 F.2d 146, 147–48 (5th Cir. 1992)).

## II.    DISCUSSION AND ANALYSIS

Reduced to its relevant, undisputed facts, this case is simple: Defendant Helen Snure rear-ended Plaintiff Rhonda Snure while both were driving on a highway. Plaintiffs brought this suit against Snure and her insurer, Geico, seeking damages for Ms. Hayes's injuries and its resultant consequences for herself and her husband. *See* R. Doc. 2-1 at 3. In the instant motion, Plaintiffs' argue there is no genuine issue of material fact necessitating trial on the question of liability, asserting the undisputed facts show, as a matter of law, that Snure was wholly responsible for the accident. *See* R. Doc. 37-1.

LA R.S. 32:81(A) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." Louisiana "law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LA R.S. 32:81(A) and is therefore liable for the accident." *Johnson v. Magitt*, 2012-0200 (La. App. 1 Cir. 9/21/12), 111 So. 3d 11, 12 (citing *Daigle v. Mumphrey,* 96–1891 (La. App. 4 Cir. 3/12/97), 691 So.2d 260, 262). However, the following motorist can rebut this presumption by showing either that "he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances" or "the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid." *Id.* at 13 (citing *Taylor v. Voigtlander,* 36,670 (La. App. 2 Cir. 12/11/02), 833 So.2d 1204, 1206;

*Daigle*, 691 So.2d at 262; *State Farm Mut. Automobile Ins. Co. v. Hoerner*, 426 So.2d 205, 209 (La. App. 4 Cir. 1982), *writ denied,* 433 So.2d 154 (La. 1983)).

Here, as Defendants contend, material disputed facts remain as to, at minimum, the positioning and behavior of a nearby 18-Wheeler, about which both Snure and Ms. Hayes testified with concern. *See* R. Docs. 38-2–3. While the driver of that 18-Wheeler is not a party to this action, Louisiana applies a comparative fault system that requires a fact finder to allocate shares of liability among all negligent parties. *See, e.g.*, *Socorro v. City of New Orleans*, 90-1633 (La. 5/6/1991); 579 So.2d 931, 942. The Court cannot hold on the record before it that no reasonable jury might find that Snure "had h[er] vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances" given the 18-Wheeler's involvement and allocate some percentage of fault in the subject accident to it as an "empty chair" defendant. This precludes the Court from holding Snure to be 100% liable for Plaintiffs' damages as a matter of law and entering summary judgment on that issue before trial.

## III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 37, is **DENIED**.


New Orleans, Louisiana, this 7th day of August, 2024.


_____
Greg Gerard Guidry
United States District Judge